**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MEL M. MARIN,

    Plaintiff - Appellant,

v.

KRISTINE CATANO; ADELA DE LA TORRE; VANESSA RUIZ; JOSEPH L. CASTRO; SAN DIEGO STATE UNIVERSITY; BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY,

    Defendants - Appellees.

No. 24-5576

D.C. No.
3:21-cv-01445-JO-MMP

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Submitted July 29, 2026**

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

    Mel M. Marin appeals pro se the district court's summary judgment and

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal orders in his action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA") alleging discrimination and retaliation while he was a student at San Diego State University ("SDSU"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *AliveCor, Inc. v. Apple Inc.*, 163 F.4th 1259, 1264 (9th Cir. 2026) (summary judgment); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly granted summary judgment on Marin's ADA and RA claim because Marin failed to create a genuine dispute of material fact as to whether he was otherwise qualified to remain a student. *See Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045, 1047 (9th Cir. 1999) (holding "that the plaintiff-student bears the initial burden of producing evidence that [he] is otherwise qualified" to remain a student, that is, that he can meet essential eligibility requirements with or without accommodation).

The district court properly dismissed Marin's Fourteenth Amendment claim challenging SDSU's vaccination rule because the claim is barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (explaining that the Eleventh Amendment bars suit when the state is the real party in interest); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) (applying Eleventh Amendment immunity to a California State University).

The district court properly dismissed Marin's remaining claims because Marin failed to allege facts sufficient to state plausible claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (explaining that liability under 42 U.S.C. § 1983 requires personal participation by the defendant in the alleged rights deprivation); *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1031 (9th Cir. 2012) (noting that a Fourteenth Amendment due process claim is cognizable only if "the asserted individual interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty or property'" (citation omitted)).

The district court did not abuse its discretion by denying Marin's motion to seal documents because Marin failed to provide the documents to the district court. *See Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (setting forth standard of review and explaining that most judicial records may be sealed only if the court finds compelling reasons because there is a "strong public policy favoring access to court records").

We reject as unsupported by the record Marin's contentions that the district court denied him due process or otherwise acted improperly.

We do not consider issues that are not specifically and distinctly argued in

the opening brief.  *See Roley v. Google LLC*, 40 F.4th 903, 911 (9th Cir. 2022).

Marin's motion for a stay and permission to file a new appeal (Docket Entry No. 23) is denied.

**AFFIRMED.**